UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and DENNIS MAURER, Individually,

    Plaintiffs,

vs.

TD BANK, N.A.,

    Defendant.

Case No.: 1:17-cv-04854-RBK-JS

## FIRST AMENDED COMPLAINT

Plaintiffs, The Independence Project, Inc., a New Jersey Non-Profit Corporation, and Dennis Maurer, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, TD BANK, N.A., (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

1.    Plaintiff, Dennis Maurer, is an individual residing at 8 Prospect Ave, Egg Harbor Township, NJ 08234, in the County of Atlantic.

2.    Plaintiff, The Independence Project, Inc., is a Non-Profit Corporation formed under the laws of the State of New Jersey. The Independence Project, Inc., maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3. Defendant's properties, TD Bank, are located at:

TD Bank
4200 Harbor Beach Blvd
Brigantine, NJ 08203

TD Bank
1200 North 2nd Street
Millville, NJ 08332

TD Bank
601 White Horse Pike
Absecon, NJ 08201

TD Bank
1167 Chestnut Ave
Vineland, NJ 08360

TD Bank
591 Route 72
Manahawkin, NJ 08050

TD Bank
4920 North Crescent Blvd
Pennsauken, NJ 08109

TD Bank
571 East bay Ave
Manahawkin, NJ 08050

TD Bank
1470 Clements Bridge Road
Deptford, NJ 08096

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See, also, 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Dennis Maurer is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Maurer has Multiple Sclerosis and is mobility-impaired, and uses a wheelchair for mobility. Dennis Maurer is a customer of TD Bank and has transacted business at the following properties described in paragraph 3, which form the basis of this lawsuit, and he plans to return to the properties to avail himself of the

goods and services offered to the public at the properties, when the properties are made accessible.

7.   The Plaintiff, Maurer, has encountered architectural barriers at the subject properties.  The barriers to access at the properties have endangered his safety.  Plaintiff, Maurer, is also a member of the Plaintiff organization, The Independence Project, Inc., discussed below in paragraph 8.

8.   Plaintiff, The Independence Project, Inc., is a Non-Profit New Jersey Corporation. Members of this organization include individuals with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

9.   The Independence Project, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  The Independence Project, Inc. has also been discriminated against because of its association with its disabled members and their claims.

10.   Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendant owns, operates, leases or leases to are known as TD Bank, and are located as described on paragraph 3 hereof.

11. The Independence Project, Inc. and Dennis Maurer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Dennis Maurer desires to visit TD Bank not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the TD Banks have shown that violations exist. These violations that Dennis Maurer personally encountered or observed include, but are not limited to:

    **A.**    **Parking and Exterior Accessible Route**

        (1)    Parking spaces throughout TD Banks are not maintained and are not located on the closest available accessible route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.

4

These conditions prevent Mr. Maurer and those in wheelchairs to access TD Bank freely and safely.

(2). Curb ramps at TD Banks contain changes of level and slopes/cross slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards. These conditions can cause damage to Mr. Maurer's wheelchair and are a safety hazard.

(3). The exterior accessible route at the majority of the inspected TD Banks contains cross slopes and abrupt changes of level, violating Sections 402 and 403.4 of the 2010 Accessibility Standards. These conditions are tipping hazards for Mr. Maurer and are a hazard to his safety.

(4). TD Banks fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at all of the inspected TD Banks. The lack of an accessible route to the sidewalk and bus stops eliminates the option of public transportation for Mr. Maurer.

**B.** **Access to Goods and Services**

(1) Entering TD Banks is impeded by slopes and abrupt changes of level beyond limits, violating Section 404 of the 2010 Accessibility Standards. Mr. Maurer at some banks requires assistance to enter.

(2). Counters and writing surfaces throughout TD Banks are mounted beyond the reach of Mr. Maurer and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks. Mr. Maurer requires assistance at counters and writing surfaces. Mr. Maurer on numerous occasions was embarrassed to do the lack of equivalent facilitation at TD Bank Counters.

**C.** **Restrooms**

(1). Restrooms at TD Banks were reported to be unsafe for use by the Plaintiff. Inspection revealed water closets at the majority of TD Banks contain the flush control mounted on the wall side causing Mr. Maurer to reach across water closets, violating Section 601 of the 2010 Accessibility Standards.

   (2). Restrooms at inspected TD Banks provide improper identification signage, violating Sections 216.8 and 703 of the 2010 Accessibility Standards.

 **D.** **Other Violations**

   (1). More specific ADA violations are set forth in Plaintiffs' Rule 34 Expert Report dated December 18, 2017.

 **E.** **Maintenance**

   (1). The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 C.F.R. §36.211.

14. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the

alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter TD Bank to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by

individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

### COUNT II
### CLAIM OF DAMAGES UNDER NEW JERSEY LAW AGAINST DISCRIMINATION BY PLAINTIFF DENNIS MAURER, INDIVIDUALLY

22. Plaintiff, Dennis Maurer, individually, realleges all prior obligations as if fully set forth herein. Plaintiff, Maurer, repeats the allegations contained in all of the proceeding paragraphs.

23. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

24. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation

without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (*See*, N.J.S.A. 10:5-4.)

25. As a result of the aforementioned discrimination, Plaintiff Dennis Maurer has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Dennis Maurer demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **23rd** day of **March, 2018**, a true and correct copy of the foregoing was sent via e-mail to: Attorneys for the Defendant, Susan M. Leming, Esq., sleming@brownconnery.com, Brown & Connery LLP, 360 Haddon Avenue Westmont, NJ 08108.

Respectfully Submitted,

**/s/Keith Harris**
Keith Harris, Esq. (KH4604)
Braff, Harris, Sukoneck & Maloof
570 W. Mount Pleasant Ave. Ste. 200
Livingston, NJ 07039
Telephone: (973) 994-6677
Facsimile: (973) 994-1296
kharris@bhsm-law.com
and
Lawrence A. Fuller, Esq., *pro hac vice*
John P. Fuller, Esq., *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199

Facsimile: (305) 893-9505
lfuller@fullerfuller.com
jpf@fullerfuller.com
*Attorneys for Plaintiffs*